Rick Richmond (SBN 194962)
*rrichmond@larsonllp.com*
Catherine S. Owens (SBN 307626)
*cowens@larsonllp.com*
Ranja F. Rasul (SBN 336221)
*rrasul@larsonllp.com*
Jasmine M. Johnson (SBN 351979)
*jjohnson@larsonllp.com*
**LARSON LLP**
555 South Flower Street, 30th Floor
Los Angeles, California 90071
Telephone: (213) 436-4888
Facsimile: (213) 623-2000

Attorneys for Plaintiff Adaptamed LLC

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ADAPTAMED LLC,<br><br>　　　　Plaintiff,<br><br>　　vs.<br><br>WC HEALTH MSO LLC d/b/a WC HEALTH, a corporation, and COMMURE, INC., a corporation, and DOES 1-100,<br><br>　　　　Defendants. | Case No. 3:26-CV-02486-JO-VET<br><br>Judge:　Hon. Jinsook Ohta<br>Dept.:　4C<br><br>Magistrate Judge:<br>Hon. Valerie E. Torres<br>Dept.:　5D<br><br>**DECLARATION OF SIRISHA MARCOUX IN SUPPORT OF PLAINTIFF ADAPTAMED LLC'S MOTION TO DISQUALIFY KIRKLAND & ELLIS LLP**<br><br>[*Filed concurrently with Notice of Motion and Motion; Declaration of Rick Richmond; and [Proposed] Order*]<br><br>Date:　July 30, 2026<br>Time:　9:30 a.m.<br>Crtrm.:　4C<br><br>Trial Date:　　None |

## <u>DECLARATION OF SIRISHA MARCOUX</u>

I, Sirisha Marcoux, declare as follows:

1.     I am the Chief Operating Officer for Plaintiff Adaptamed LLC ("Adaptamed").  I have personal knowledge of the facts set forth herein.  If called as a witness, I could and would competently testify to the matters stated herein.  I make this declaration in support of Plaintiff Adaptamed LLC's Motion to Disqualify Kirkland & Ellis LLP.

2.     On February 9, 2026, a mutual contact introduced me via email to Kirkland & Ellis partners Aaron Lorber, F. Christopher Mizzo, and Todd L. Herst.  I was looking for lawyers I could trust, and was interested in speaking with Kirkland about representation because of its stature and prestige.  A true and correct copy of the email correspondence between the mutual contact, the partners at Kirkland & Ellis, and myself are attached hereto as **Exhibit 1**.

3.     On February 10, 2026, I attended a virtual meeting with Mssrs. Lorber, Mizzo, and Herst.  Before that meeting, I asked the partners via email whether there was a need to clear conflicts before speaking with them.  I did not receive a reply to my question before the meeting.

4.     During the meeting, I again asked Mssrs. Lorber, Mizzo, and Herst whether there was a need to clear conflicts before continuing with the meeting.  To my recollection, in response, I was told to "just be careful" with what I discussed.

5.     I am not a lawyer and have no formal legal training.

6.     I do not recall any of the Kirkland & Ellis partners informing me that information shared during the call would not be privileged.  Nor do I recall any of the partners informing me that there was no attorney-client relationship between Adaptamed and Kirkland & Ellis at the time.  Had any Kirkland partner informed me or made such clear disclosures, I believe I would not have continued with the call.

7.     None of the partners I spoke to informed me that Kirkland & Ellis

represented Commure, the very company who had been accessing Adaptamed's system without authorization. Nor did they discuss any ethical wall.

8.    The virtual meeting with the three Kirkland & Ellis partners lasted approximately 30 minutes. During the meeting, I shared confidential information regarding the history of interactions between Commure and WC Health employees and Adaptamed representatives, Adaptamed's subjective impressions of those interactions, and details and preliminary findings concerning Adaptamed's internal investigation to that point. I also made several inquiries concerning the merits of the dispute and potential litigation and the valuation of potential recovery.

9.    It was not until the end of the call, after I shared this confidential information, that the Kirkland & Ellis partners asked me for the names of the parties involved.

10.    After the meeting, Mr. Mizzo informed me that Kirkland & Ellis had discovered a conflict that prevented the firm from taking the representation. I was never provided with details concerning the nature of the conflict.

11.    Several months later, on May 7, 2026, I was notified that Kirkland & Ellis had replaced Commure's prior counsel at McDermott, Will & Schulte. I understood that McDermott, Will & Schulte had been representing Commure in this dispute until that point. The following day, I informed my counsel of my prior meeting with Kirkland & Ellis.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct to the best of my knowledge.

Executed on this 15th day of May, 2026, at ___Weston___ [city], __MA__ [state].

_____
Sirisha Marcoux

LARSON
LOS ANGELES

2

Case No. 3:26-CV-02486-JO-VET

DECLARATION OF SIRISHA MARCOUX