Rick Richmond (SBN 194962)
*rrichmond@larsonllp.com*
Catherine S. Owens (SBN 307626)
*cowens@larsonllp.com*
Ranja F. Rasul (SBN 336221)
*rrasul@larsonllp.com*
Jasmine M. Johnson (SBN 351979)
*jjohnson@larsonllp.com*
**LARSON LLP**
555 South Flower Street, 30th Floor
Los Angeles, California 90071
Telephone: (213) 436-4888
Facsimile:  (213) 623-2000

Attorneys for Plaintiff Adaptamed LLC

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ADAPTAMED LLC,<br><br>          Plaintiff,<br><br>     vs.<br><br>WC HEALTH MSO LLC d/b/a WC HEALTH, a corporation, and COMMURE, INC., a corporation, and DOES 1-100,<br><br>          Defendants. | Case No. 3:26-CV-02486-JO-VET<br>Judge:  Hon. Jinsook Ohta<br>Dept.:  4C<br>Magistrate Judge:<br>Hon. Valerie E. Torres<br>Dept.:  5D<br><br>**DECLARATION OF RICK RICHMOND IN SUPPORT OF PLAINTIFF ADAPTAMED LLC'S MOTION TO DISQUALIFY KIRKLAND & ELLIS LLP**<br><br>[*Filed concurrently with Notice of Motion and Motion; Declaration of Sirisha Marcoux*]<br><br>Date:  July 30, 2026<br>Time:  9:30 a.m.<br>Crtrm.:  4C<br><br>Trial Date:     None |

LARSON
LOS ANGELES

Case No. 3:26-CV-02486-JO-VET

DECLARATION OF RICK RICHMOND

# <u>DECLARATION OF RICK RICHMOND</u>

I, Rick Richmond, declare as follows:

1.    I am a partner with Larson LLP, attorneys of record for Plaintiff Adaptamed LLC ("Adaptamed").  I have personal knowledge of the facts set forth herein.  If called as a witness, I could and would competently testify to the matters stated herein.  I make this declaration in support of Plaintiff Adaptamed LLC's Motion to Disqualify Kirkland & Ellis LLP.

2.    I was a summer associate at Kirkland & Ellis in 1985 and then again in 1986.

3.    After my second summer at Kirkland, I clerked for Harlington Wood, Jr., a judge on the Seventh Circuit.  I then briefed and argued appeals in the Civil Division of the U.S. Department of Justice for nearly two years.

4.    I returned to Kirkland in 1989.  I worked at Kirkland for the next 20 years, as an associate and then partner, first in the Washington, D.C. office and then in the Los Angeles office.  I left in 2009 to become the founding and managing partner of Jenner & Block's new Los Angeles office.

5.    For all the years I worked at Kirkland, the law firm had an increasingly robust conflicts checking system in place.  Partners, in particular, were required to clear conflicts for all clients and prospective clients to ensure there were no ethical breaches.  On information and belief, Kirkland expects its partners today to use the most state-of-the-art conflicts checking system available in the legal marketplace.

6.    In the 1980's, Kirkland assigned a litigation partner, David Erie, to help manage conflicts issues.  In the 1990's, another litigation partner, James Schenk, was appointed to serve full-time as Kirkland's first in-house general counsel.

7.    I understand that Kirkland has a full complement of in-house general counsel staff today, who serve in its Office of General Counsel.  Under the General Counsel are several Assistant General Counsel, and reporting to them are numerous Deputy Assistant General Counsel.  These counselors are available to counsel with

LARSON
LOS ANGELES

their partners about all kinds of ethical issues, including the question of whether a Kirkland partner should conduct a conflicts check before talking with a potential non-lawyer client in California.

8.    On May 7, 2026, I learned that Kirkland would be representing defendant Commure, Inc. in this case, via an email from Kirkland partner Ingrid Petersen. Commure had previously been represented by McDermott, Will & Schulte in discussions regarding this dispute since February 2026. During McDermott's representation of Commure, I, on behalf of Adaptamed, made numerous attempts to obtain information and explore a pre-litigation resolution. These attempts were unsuccessful, leading to the filing of Adaptamed's complaint on April 20, 2026.

9.    On May 8, 2026, I met and conferred via video conference with counsel for Commure concerning Adaptamed's intended motion to disqualify Kirkland from serving as counsel for Commure. I informed Commure's counsel that the basis for the motion was that Adaptamed's Chief Operating Officer had substantive discussions with Kirkland partners as a prospective client on February 10, 2026 and that Rule 1.18 of the California Rules of Professional Conduct barred Kirkland from serving as Commure's counsel in this case—the very same matter that Adaptamed's COO had discussed with Kirkland partners in February 2026.

10.    On May 11, 2026, Kirkland's Deputy Assistant General Counsel sent an email to me and my team stating that Kirkland's position was that there is no conflict of interest warranting disqualification. Attached hereto as **Exhibit A** is a true and correct copy of the May 11, 2026 email received from Kirkland's Deputy Assistant General Counsel.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct to the best of my knowledge.

/ / /

/ / /

Executed on this 15th day of May, 2026, at Los Angeles, California.


       */s/ Rick Richmond*

Rick Richmond